**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004168
17-MAR-2014
09:09 AM**

NO. CAAP-13-0004168

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WERNER PLASTERING, INC., a Hawaii corporation,
Claimant-Appellant,
v.
BLACK PEAK CONSTRUCTION, LLC, et al.,
Respondents-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(M.L. NO. 13-1-0004(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Appellant-Claimant Werner Plastering, Inc.'s (Appellant Werner Plastering), appeal from the Honorable Peter T. Cahill's (1) September 13, 2013 order granting Respondent-Appellee Black Peak Construction, LLC's (Appellee Black Peak Construction), motion to dismiss Appellant Werner Plastering's application for a mechanic's and materialman's lien

(the September 13, 2013 dismissal order) and (2) October 2, 2013 order denying Appellant Werner Plastering's motion for reconsideration of the September 13, 2013 dismissal order because the circuit court has not yet entered a separate judgment, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013) and Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) require for an appeal under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008).

In appeals arising out of circuit court proceedings for a mechanic's and materialman's lien, the Supreme Court of Hawaiʻi has specifically acknowledged the requirement under "HRCP Rule 58 provid[ing] in pertinent part that '[e]very judgment shall be set

forth on a separate document.'" 808 Development, LLC v. Murakami, 111 Hawai'i 349, 353 n.7, 141 P.3d 996, 1000 n.7 (2006) (affirming a judgment and amended judgment dismissing an application for a mechanic's and materialman's lien). In the instant case, on December 17, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0004168, which does not contain a final judgment, as HRCP Rule 58 requires. Absent an appealable separate judgment, Appellant Werner Plastering's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0004168 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, March 17, 2014.

Presiding Judge

Associate Judge

Associate Judge